UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN D. RANDALL, )
)
    Plaintiff, )
)
v. ) CAUSE NO. 3:08-CV-0337 WL
)
SUZIE BURKHART, *et al.*, )
)
    Defendants. )

OPINION AND ORDER

John Randall, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction officials violated his federally protected rights in a prison disciplinary action. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

> RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of her "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases her claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Randall brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a

2

plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Randall alleges that the defendants denied him the right to a fair hearing before impartial decision makers and the right to present documentary evidence at a prison disciplinary hearing. Randall asserts that as a result of the defendants' conduct, he suffered several injuries, including "the loss of earned credit time . . . and "the loss of being demoted in credit class." (Complaint at p. 6). He seeks damages from the defendants and to have the disciplinary hearing board's finding of guilt set aside.

Indiana prisoners have a protected liberty interest in good-time credits and are therefore entitled to due process before the state revokes those credits. *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001). The due process required in a prison disciplinary hearing where a prisoner loses good time credits is set forth *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445 (1985), and entails (1) advance written notice of the charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. In some circumstances, a prisoner may also be entitled to a lay advocate. *Woff v. McDonnell*, 418 U.S. at

3

571.

Section 1983 provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d at 1232. But "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Because loss of earned credit time or demotion in credit time earning classification increases the length of a prisoner's confinement, habeas corpus is the appropriate remedy for a prisoner who has been deprived of good time credits or demoted in good time credit earning classification. *Harris v. Duckworth*, 909 F.2d 1057, 1058 (7th Cir. 1990).

Because § 2254 is the exclusive remedy for restoration of earned credit time, Randall may only seek damages in this action. But his damage claims against the defendants for allegedly for violating his due process rights in the disciplinary proceeding against him are barred by *Heck v. Humphrey*, 512 U.S. at 486-87, which provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The *Heck* doctrine applies to prison disciplinary hearings where a prisoner losses good time credits or is demoted in credit time earning

4

classification. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Randall does not assert that the disciplinary hearing board's finding of guilt has been overturned by the courts, and in his complaint he states that he "sought formal relief from the appropriate administrative officials regarding the acts complained of. Relief was denied." (Complaint at p. 12). Accordingly, damage relief under § 1983 is unavailable to the plaintiff.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

SO ORDERED.

DATED: August  14 , 2008

                                        **S/William C. Lee**
                                        William C. Lee, Judge
                                        United States District Court