UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN D. RANDALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:08-CV-0337 WL |
| SUZIE BURKHART, *et al.*, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

John Randall, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction officials violated his federally protected rights in a prison disciplinary hearing in which he lost earned credit time. Randall alleged in his complaint that the defendants denied him the right to a fair hearing before impartial decision makers and the right to present documentary evidence at the disciplinary hearing. The court dismissed the complaint pursuant to 28 U.S.C. § 1915A(a). Randall has filed a motion for a new trial pursuant to Fed. R. Civ. P. 59(b).

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

"A motion to alter or amend judgment must be filed no later than 10 days

after the entry of judgment." Fed. R. Civ. P. 59(e). Judgment was entered in this case on August 15, 2008. Because Randall states in his certificate of service that he mailed his motion on August 24, 2008, the court will treat it as a Rule 59(e) motion even though it was not filed until September 2, 2008, based on the "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988). This rule provides that a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers them to prison authorities for forwarding to the district court.

Because § 2254 is the exclusive remedy for restoration of earned credit time, Randall may only seek damages in this action. In its opinion and order of August 14, 2008, this court held that his damage claims against the defendants for allegedly violating his due process rights in the disciplinary proceeding against him are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that if the remedy sought under § 1983 would require a finding or judgment that would have the effect of invalidating a conviction or sentence, the plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. The *Heck* doctrine applies to prison disciplinary hearings where a prisoner losses good time credits or is demoted in credit time earning classification. *Edwards v. Balisok*, 520 U.S. 641 (1997).

In his motion to alter or amend judgment, Randall argues that he only sought damages and did not seek restoration of good time "nor ask this court to 'set aside' any findings of guilt by the disciplinary hearing board in this matter." (DE #7, Motion for New Trial at p. 4). Accordingly, he argues that *Heck v. Humphrey* has no application to this case. But, in fact, Randall's complaint did seek to have the disciplinary hearing board's finding of guilt set aside. In his complaint, Randall asked this court to enter a:

> 2) preliminary injunction ordering Indiana State Prison and Indiana Department of Corrections to relieve and or terminate John Randall, D.O.C. #20250 from the confinement of all and any administrative segregation units stemming from the due process violation
>
> 3) order the Indiana State Prison and Indiana Department of Corrections to expunge from John Randall, D.O.C. #20250 prison records Case Number WCC 06-06-179
>
> 4) order the Indiana State Prison and Indiana Dept. of Corrections to restore any and all privileges to John Randall, DOC #20250 immediately

(DE #1, Complaint, at pp. 13-14).

The plaintiff's complaint establishes that he did, in fact, ask for more than damages. He did, in fact, ask that this court expunge the disciplinary hearing board's finding of guilt from his records and restore any and all privileges he lost as a result of the finding of guilt. It is true that he did not ask for restoration of his earned credit time, but that does not distinguish his complaint from the complaint in *Edwards v. Balisok.*

The plaintiff in *Edwards v, Balisok,* just as Mr. Randall in this case, did not ask for restoration of earned credit time in his § 1983 complaint. Balisok sought

> a declaration that those procedures were unconstitutional, compensatory and punitive damages for their use, and an injunction to prevent future violations. Although he expressly reserved the right to seek restoration of the lost good-time credits in an appropriate forum, he refrained from requesting that relief in light of *Preiser v. Rogriguez* . . ..

*Edwards v. Balisok,* 520 U.S. at p. 641.

Balisok argued that he could seek damages and other relief for due process violations in a prison disciplinary hearing without seeking restoration of earned credit time. This is exactly the argument presented by Randall in this motion. The Supreme Court specifically rejected this argument in *Balisok*.

Randall also contends that there is newly discovered evidence in the form of a memorandum from Lieutenant Coday to a member of the disciplinary hearing board to the effect that he viewed the videotape of the incident and it showed nothing of the incident because inmates "standing and watching blocked the view." (DE #7, exhibit 1). He contends therefore that he should have been allowed to present this videotape as evidence at the hearing. Had the court's ruling been on the merits, newly discovered evidence might have assisted Randall in reopening this cause of action — though this particular evidence appears to have been inconclusive rather than exculpatory. But even if this evidence might have been helpful to Randall at the hearing, Lt. Coday's memorandum can be of no assistance to Randall because this court determined as a matter of law that he

could not bring his claim in a § 1983 action until the underlying finding of guilt was set aside.

For the foregoing reasons, the court DENIES the plaintiff's motion to alter or amend judgment (DE #7).

SO ORDERED.

DATED: January 8 , 2009

                                                s/William C. Lee
                                                William C. Lee, Judge
                                                United States District Court